

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 20, 1960

Texas State Parks Board
Austin, Texas

Opinion No. WW-941

Re: Custody and control
of Sections 28, 56 and
60 in Block G-9, H.E.
& W.T. Ry.Co. Surveys,
Sections 6 and 24 in
Block G-23, C.T. & M.C.
Ry.Co. Surveys and Sec-
tion 30 in Block M-1
of S. A. Glass Survey,
all in Brewster County,
Texas.

Gentlemen:

You recently have requested the opinion of this
Department on the status of the subject lands. Specifically,
you desire to know whether they belong to the Public Free
School Fund and hence subject to the control and administra-
tion of the School Land Board or, as a result of a series of
enactments pertaining to the establishment of Big Bend National
Park, they belong to the State of Texas for park purposes in
which event they would be under the administration of the Texas
State Parks Board.

It is our opinion that these lands now constitute
a part of the unsold public free school lands and are under
the control and jurisdiction of the School Land Board.

A brief review of pertinent legislative provisions
is appropriate.

A state park to be known as Texas Canyons State Park
was created in Brewster County, Texas, by H. B. 771, 43rd Leg.,
R.S., ch. 95, p. 126, effective May 29, 1933, and unsold por-
tions of certain sections of school lands were therein trans-
ferred from the Public Free School Fund to the State for park
purposes and placed under the jurisdiction of the Texas State
Parks Board.

Other lands were likewise transferred to the Parks
Board and the name of the park was changed to Big Bend State

Park by H. B. 26, 43rd Leg., 1st C.S., ch. 100, p. 275, effective October 27, 1933, and now codified as Article 6077c, R.C.S.

On October 26, 1937, this latter Act was amended to increase the park area to approximately 736,000 acres with appropriate provisions for transfer of the jurisdiction thereof to the Parks Board. S. B. 13, 45th Leg., 2nd C.S., ch. 9, p. 1875.

By S. B. 123, 46th Leg., R.S., ch. 5, p. 520, effective May 12, 1939, and codified as Article 6077e, R.C.S., the park area was increased to approximately 788,000 acres, its name changed to Big Bend National Park, and provision made for ultimate conveyance to the United States Government. Custody and control of the additional area, as before, was transferred from the Public Free School Fund to the State of Texas for park purposes and in addition thereto the State Parks Board, prior to transferring jurisdiction to the United States Government, was authorized to exchange any lands theretofore acquired that were situated outside of the area described by metes and bounds in the Act for lands located within such area.

You have informed us that thereafter the boundaries of Big Bend National Park were readjusted by the Parks Board in conjunction with officials of the National Park Service and a final conveyance of the park area made to the United States. The subject lands, being beyond the boundaries of the readjusted park area, were not included in the area so conveyed to the United States.

We thus find that as of the execution of the deed to the United States, custody and control of the subject lands had been transferred by the Legislature from the School Land Board to the Parks Board but, as authorized by statute, they had been administratively excluded as a part of Big Bend National Park. Such were the conditions that existed on May 8, 1943, when S. B. 75 became effective. Acts 48th Leg., R.S., ch. 291, p. 425. By this Act the Legislature validated all land acquisitions and conveyances by the Parks Board in the final establishment of Big Bend National Park. Particularly germane to the present inquiry, the Legislature there expressly considered that the area which had theretofore been transferred for park purposes, but excluded from the area finally decided upon and conveyed to the United States for Big Bend National Park had been abandoned for park purposes and the act of abandonment by the Parks Board was validated.

Section 4 of the validating Act reads in part:

"Where boundaries of the Big Bend
National Park were in certain instances re-
adjusted . . . and certain lands transferred
from the State of Texas for the benefit of
certain school funds to the State Parks Board
for park purposes were left without the read-
justed boundaries, and thus abandoned for park
purposes, the act of abandonment of Texas Parks
Board is hereby validated and these lands which
are described hereinbelow are transferred to
the State of Texas to be held for the benefit
of the department or fund for which they were
originally held before the transfer for park
purposes was made. . . ." (Emphasis supplied.)

The Act then describes some 55 sections of land in Brewster
County but despite the fact that the subject lands were be-
yond the boundaries of the Big Bend National Park, they were
omitted from the specific property descriptions contained in
the Act. The ambiguity thus created predicates the present
question.

We need not be concerned with the rules of law re-
lating to the construction of deeds and of property descrip-
tions. Here, ownership of these lands always has been in the
State of Texas. The question simply is whether one or another
of the State agencies has jurisdiction and control thereof and
the answer must be found from the paramount legislative intent
as indicated in the Act.

We think it plain that "these lands" which by the
Act were returned to the appropriate funds whence they origi-
nated were those beyond and "without the readjusted boundaries"
of Big Bend National Park. We can perceive of no reason what-
ever for the Legislature retaining a park purpose status for
the subject lands and thus treat them differently from all
other lands involved in the national park development. That
the Legislature did not so intend is evidenced by the fact
that since 1943 no legislative appropriations have been made
for, nor has there been any de facto use of the subject lands
for park purposes. The mere fact that the Act purported spe-
cifically to describe the lands there referred to and omitted
from this specific description the lands in question is an
apparent oversight on the part of the agency which prepared
this information for the Legislature; an oversight readily
explained by the fact that they were dealing with hundreds of
thousands of acres and the further fact that, as shown by
the legislative review, the tentative boundaries of the park
changed many times before final definition.

It is therefore our opinion that the Legislature by
S. B. 75 confirmed and validated the abandonment of the subject

lands for park purposes and restored jurisdiction and control thereof to the School Land Board as unsold public free school lands.

## SUMMARY

Jurisdiction and control of the subject lands were by S. B. 75 transferred from the Texas State Parks Board to the School Land Board of Texas as unsold public free school lands.

Very truly yours,

WILL WILSON
Attorney General of Texas

By  *James H Rogers*

James H. Rogers
Assistant

JHR:bh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

C. Dean Davis
William R. Hemphill
Iola B. Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY:

Leonard Passmore